**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4146**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES EDWARD HOOPER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   David A. Faber, Chief
District Judge.   (CR-03-149)

———————

Submitted:  June 10, 2005          Decided:  July 19, 2005

———————

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, David R. Bungard,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant.   Kasey Warner, United States Attorney, Michael H.
Spencer, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Edward Hooper pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced him under the federal Sentencing Guidelines to thirty months' imprisonment. This sentence was based, in part, on the district court's attributing certain drug quantities to Hooper that were not alleged in the indictment.

In his initial brief, Hooper challenged the district court's inclusion of three drug sales conducted by Douglas E. Jackson as relevant conduct in determining Hooper's sentence, arguing that it was not supported by a preponderance of the evidence. Hooper filed a supplemental brief, citing Blakely v. Washington, 124 S. Ct. 2531 (2004), asserting for the first time on appeal that his sentence is unconstitutional. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the federal Sentencing Guidelines, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of their mandatory nature. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at

746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court).

Although Hooper did not raise this Sixth Amendment challenge at sentencing, this court has held that a mandatory enhancement based on judicial fact-finding supported by a preponderance of evidence constitutes plain error warranting correction. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)). In light of Booker and Hughes, we find that the district court plainly erred in sentencing Hooper.[1] Because Hooper does not challenge the validity of his conviction, we affirm his conviction, vacate his sentence and remand for proceedings consistent with Hughes.[2] Id. at 546 (citing Booker, 125 S. Ct. at 764-65, 767 (Breyer, J., opinion of the Court)). We dispense with oral

--------------------------------

[1]Just as we noted in Hughes, 401 F.3d at 545 n. 4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Hooper's sentencing.

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,
VACATED IN PART, AND REMANDED</u>